UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK A. ANDRADE,<br>Plaintiff | )<br>)<br>)<br>) |
| v. | ) CIVIL ACTION NO. |
| BRASHMODE, INC., and<br>CHRISTOPHER MARTINS,<br>Defendants | )<br>) 05-11507 REK<br>) Referred to MJ RBColling |

### PLAINTIFF, DEREK A. ANDRADE, COMPLAINT AND JURY CLAIM

### I. PARTIES

1. The Plaintiff, Derek A. Andrade (hereinafter "Andrade"), is an individual residing in Tampa, Florida.

2. The Defendant, Brashmode, Inc. (hereinafter "Brashmode" or the "Mahogany Grill"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts, and maintains its principal place in Taunton, Bristol County, Massachusetts, and does business under the name of the Mahogany Grill.

3. The Defendant, Christopher Martins (hereinafter "Martins"), is an individual residing in Taunton, Bristol County, Massachusetts.

### II. JURISDICTION

4. Jurisdiction on this matter is based upon 28 U.S.C. §1332, diversity of citizenship, as this action involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000.00.

## III. GENERAL ALLEGATIONS

5. On or about August 3, 2002, during the evening, the Plaintiff Andrade and his girlfriend, Dorothy Hughes, were patrons at the Mahogany Grill, a bar room and tavern owned and operated by the Defendant Brashmode in Taunton, Massachusetts.

6. At approximately 11:30 P.M., the Defendant Martins and several other individuals arrived together at the Mahogany Grill.

7. At the time of their arrival at the Mahogany Grill, the Defendant Martins and the other individuals who accompanied him, were visibly intoxicated.

8. Shortly following his arrival, the Defendant Martins walked up behind Dorothy Hughes and began to push up against her, startling Ms. Hughes.

9. Upon observing the behavior of the Defendant Martins, the Plaintiff Andrade told the Defendant Martins not to touch Ms. Hughes and to move away from her.

10. A verbal argument then ensued between the Plaintiff Andrade and the Defendant Martins, which lasted for several minutes.

11. While the verbal argument was occurring, other individuals who were with the Defendant Martins came and stood next to him.

12. Following this verbal argument, the Defendant Martins and other members of his party went to the other side of the tavern, to an area where a pool table was located. For approximately the next ten to fifteen minutes, the Defendant Martins and others in his company glared at the Plaintiff Andrade.

13. Shortly thereafter, the Defendant Martins snuck up behind the Plaintiff Andrade, and, without warning, proceeded to strike the Plaintiff Andrade in his left eye

with a pool cue ball. The other individuals who were with the Defendant Martins, and whose identities are unknown to the Plaintiff Andrade, then joined in the Defendant Martins' attack upon the Plaintiff.

14. Employees of the Defendant Brashmode including, in particular, the tavern manager, Ann Wetterell, witnessed the loud and aggressive behavior of Defendant Martins, including his contact with Ms. Hughes, the ensuing verbal argument between the Plaintiff Andrade and the Defendant Martins, the threatening conduct of the Defendant Martins and the other individuals in his company toward the Plaintiff Andrade, and, finally, the beating of the Plaintiff Andrade by the Defendant Martins and the other individuals who were with him that night.

15. After observing the Defendant Martins make contact with Ms. Hughes, and then engage in a verbal argument with the Plaintiff Andrade, the tavern manager, Ann Wetterel, served the Defendant Martins and others in his party with alcoholic beverages.

16. In addition, after the Plaintiff Andrade was assaulted by the Defendant Martins, employees of the Defendant Brashmode, including, in particular, Ann Wetterell, ignored repeated requests by patrons at the tavern to call the Taunton police, and to call for medical assistance for the Plaintiff Andrade.

17. Notwithstanding these many observations, employees of the Defendant Brashmode failed to take any action whatsoever against the Defendant Martins and permitted the Defendant Martins and members of his party to remain on the premises even after their beating of the Plaintiff Andrade.

18. Following the incident, the Defendant Brashmode was directed by the Taunton Police Department to turn over a videotape which, upon information and belief, showed the beating of the Plaintiff by the Defendant Martins and the other individuals.

19. Notwithstanding the directive of the Taunton Police Department, the Defendant Brashmode destroyed the videotape.

20. As a result of the beating, as hereinbefore set forth, the Plaintiff Andrade sustained serious and permanent injuries, including, in particular, a ruptured globe and detached lens in his left eye, which have rendered him legally blind in that eye.

### COUNT I
### ANDRADE v. BRASHMODE, INC.
(Action for Negligence - Inadequate Security)

21. The Plaintiff Andrade repeats and realleges the allegations contained in paragraphs one through twenty as if fully restated herein.

22. On or about August 3, 2002, the Defendant Brashmode negligently failed to maintain adequate security to protect its patrons, including the Plaintiff Andrade, from the assaultive behavior of other patrons, including but not limited to, the Defendant Martins and the other members of his party.  Said negligence includes, but is not limited to, the following:

   (a) The Defendant Brashmode negligently failed to take any action against the Defendant Martins and members of his party while they engaged in abusive and aggressive behavior against patrons of the Mahogany Grill, including the Plaintiff Andrade and Dorothy Hughes;

(b) The Defendant Brashmode negligently permitted the Defendant Martins to have access to the pool cue ball that he used to strike the Plaintiff Andrade after the Defendant Martins had engaged in abusive and aggressive behavior against patrons of the Mahogany Grill, including the Plaintiff Andrade and Dorothy Hughes; and

(c) The Defendant Brashmode negligently failed to protect its patrons, including the Plaintiff Andrade, from abusive and aggressive behavior on the part of other patrons, including the Defendant Martins.

23. As a direct and proximate result of the negligence of the Defendant Brashmode, the Plaintiff Andrade sustained severe and permanent personal injuries and permanent scarring, was caused to be disabled and will be disabled in the future, was caused to incur and will continue to incur great medical and hospital expenses for said injuries, and was caused to sustain and will continue to sustain loss of income and earning capacity. The Plaintiff Andrade's ability to enjoy life and to attend to his usual activities has been damaged.

## COUNT II
ANDRADE v. BRASHMODE, INC.
(Action for Negligence – Knowingly Serving An Intoxicated Person)

24. The Plaintiff Andrade repeats and realleges the allegations contained in paragraphs one through twenty three as if fully restated herein.

25. On or about August 3, 2002, the Defendant Brashmode knew, or should have known that several of its patrons including, in particular, the Defendant Martins and the members of his party, had ingested a significant amount of alcohol, both prior to and after their arrival upon the premises.

26. Despite said knowledge, and notwithstanding the observations made by employees of the Defendant Brashmode of the behavior of the Defendant Martins and the members of his party after their arrival upon the premises, the Defendant Brashmode negligently and knowingly served alcoholic beverages to the Defendant Martins and the members of his party, even though the Defendant Martins and the members of his party were exhibiting open and obvious signs of their intoxication.

27. As a result of the negligence of the Defendant Brashmode in serving alcoholic beverages to the Defendant Martins and the members of his party, said individuals became more intoxicated and more aggressive and combative towards other patrons, including, in particular, the Plaintiff Andrade.

28. The Defendant Martins and the members of his party, while in an intoxicated condition as the direct and proximate result of the negligent service of alcohol by the Defendant Brashmode, did assault and beat the Plaintiff Andrade and otherwise caused the Plaintiff Andrade serious and disabling personal injuries.

29. As a direct and proximate result of the negligence of the Defendant Brashmode, the Plaintiff Andrade sustained severe and permanent personal injuries and permanent scarring, was caused to be disabled and will be disabled in the future, was caused to incur and will continue to incur great medical and hospital expenses for said injuries, and was caused to sustain and will continue to sustain loss of income and earning capacity. The Plaintiff Andrade's ability to enjoy life and to attend to his usual activities has been damaged.

## COUNT III
### ANDRADE v. MARTINS
(Assault)

30. The Plaintiff, Derek A. Andrade, restates and incorporates by reference the allegations contained in paragraphs one through twenty nine as if fully restated herein.

31. The Defendant Martins did assault the Plaintiff Andrade, on or about August 3, 2002, and said assault was without justification, and without cause.

32. As a direct and proximate result of the assault on the Plaintiff was caused to undergo significant mental distress and suffered great humiliation and injury to his pride, reputation, and position in life.

## COUNT IV
### ANDRADE v. MARTINS
(Action for Battery)

33. The Plaintiff, Derek A. Andrade, restates and incorporates by reference the allegations contained in paragraphs one through thirty two as if fully restated herein.

34. The Defendant Martins did beat the Plaintiff Andrade on or about August 3, 2002, and did perpetrate battery upon him without justification and without cause.

35. As a direct and proximate result of the battery committed by the Defendant Martins, the Plaintiff Andrade sustained severe and permanent personal injuries and permanent scarring, was caused to be disabled and will be disabled in the future, was caused to incur and will continue to incur great medical and hospital expenses for said injuries, and was caused to sustain and will continue to sustain

loss of income and earning capacity. The Plaintiff Andrade's ability to enjoy life and to attend to his usual activities has been damaged.

### PRAYERS FOR RELIEF

The Plaintiff, Derek A. Andrade, demands judgment as follows:

1. That, on the claims asserted in Count I of this Complaint, this Honorable Court enter judgment for the Plaintiff Andrade against the Defendant Brashmode, Inc., for the full amount of the damages caused to the Plaintiff Andrade, including interest and his costs incurred in bringing this action.

2. That, on the claims asserted in Count II of this Complaint, this Honorable Court enter judgment for the Plaintiff Andrade against the Defendant Brashmode, Inc., for the full amount of the damages caused to the Plaintiff Andrade, including interest and his costs incurred in bringing this action.

3. That, on the claims asserted in Count III of this Complaint, this Honorable Court enter judgment for the Plaintiff Andrade against the Defendant Martins for the full amount of the damages caused to the Plaintiff Andrade, including interest and his costs incurred in bringing this action.

4. That, on the claims asserted in Count IV of this Complaint, this Honorable Court enter judgment for the Plaintiff Andrade against the Defendant Martins for the full amount of the damages caused to the Plaintiff Andrade, including interest and his costs incurred in bringing this action.

5. That the Defendants Brashmode, Inc. and Martins be found jointly and severally liable to the Plaintiff Andrade.

9

6. That this Honorable Court order such other and further relief as it deems just, equitable, or otherwise appropriate in the circumstances.

### JURY CLAIM

The Plaintiff, Derek A. Andrade, demands a jury trial on all issues so triable.

Respectfully submitted,

DEREK A. ANDRADE

By his attorney,

_____
John T. Landry, III (BBO No. 544388)
GLYNN, LANDRY, HARRINGTON & RICE
10 Forbes Road
Braintree, MA 02184-2605
(781) 356-1399

%JS 44 (Rev. 11/04)                                    CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Derek A. Andrade | Brashmode, Inc. and Christopher Martins |
| (b) County of Residence of First Listed Plaintiff  Tampa, Florida | County of Residence of First Listed Defendant  Bristol County |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
| John T. Landry, III, Glynn, Landry, Harrington & Rice, LLP, 10 Forbes Road, Braintree, MA 02184-2605 (781) 356-1399 x. 16 | 05-11507 REK |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service / ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity of Citizenship Jurisdiction - 28 U.S.C. s. 1332

Brief description of cause:
Premises Liability, Liquor Liability, Assault and Battery

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 07/14/2005
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Derek A. Andrade v. Brashmode, Inc., et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
   380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
   690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   [stamp: 05-11507 REK]

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __John T. Landry, III, Glynn, Landry, Harrington & Rice, LLP__
ADDRESS __10 Forbes Road, Braintree, MA  02184-2605__
TELEPHONE NO. __(781) 356-1399 x. 16__

(CategoryForm.wpd - 5/2/05)